

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,451-01

**EX PARTE JERRY DON WHATLEY, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR05-00442A IN THE 294TH DISTRICT COURT
### FROM VAN ZANDT COUNTY

*Per curiam*. NEWELL, KEEL, and WALKER, JJ., dissent.

## O R D E R

Applicant was convicted of aggravated sexual assault and sentenced to fifty years' imprisonment. The Sixth Court of Appeals found the evidence insufficient and reversed the judgment of the trial court. *Whatley v. State*, 415 S.W.3d 530 (Tex. App.—Texarkana 2013). This Court reversed the judgment of the court of appeals and remanded the case to the court of appeals. *Whatley v. State*, 445 S.W.3d 159 (Tex. Crim. App. 2014). The court of appeals deleted an order that Applicant pay $3,249.00 in attorney fees and affirmed the judgment of the trial court. *Whatley v. State*, No. 06-12-00117-CR (Tex. App.—Texarkana Dec. 30, 2014) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that the State failed to disclose a recorded interview between his wife and police officers and that trial counsel failed to timely object to the State's failure to disclose this evidence before trial. We remanded this application and ordered the trial court to determine whether the State failed to disclose this evidence and whether it was favorable and material. On remand, the trial court held an evidentiary hearing, made findings of fact, and concluded that trial counsel was ineffective and that the State failed to disclose favorable and material evidence. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Brady v. Maryland*, 373 U.S. 83 (1963). The trial court recommended that we grant Applicant a new trial.

We disagree and conclude that Applicant has not established that the withheld evidence was material and that he was prejudiced by counsel's deficient conduct. Relief is denied.

Filed:      April 15, 2020
Do not publish